IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 9098 |
| SHERRI WILSON, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Sherri Wilson moved under 28 U.S.C. § 2255 for the Court to vacate, set aside, or correct her sentence. Wilson pled *nolo contendere* to two counts of bank robbery and is serving a sentence of 36 months imprisonment, below the 41 to 51 months range recommended by the Sentencing Guidelines. Prior to sentencing, the Court received a psychological evaluation of Wilson that had been conducted pursuant to requests by Wilson's attorney and the Government. In her Section 2255 petition, Wilson asserts that she received ineffective assistance of counsel because her counsel did not file her psychological evaluations with the Court and failed to provide her with discovery she requested. For the reasons given below, the Court denies Wilson's motion for relief under Section 2255. (Dkt. No. 1.)

## BACKGROUND

At a status hearing on April 15, 2013, Wilson's attorney Gerardo Gutierrez requested a competency evaluation of Wilson. (R. 23.)[1] The Court accordingly Court ordered a competency

---

[1] Citations to Wilson's criminal case (13 CR 7) are referred to as "R." followed by the docket number. Citations to this civil case are referred to as "Dkt. No." followed by the docket number.

evaluation on April 26, 2013. (R. 26.) The evaluation concluded that Wilson was competent for trial and the Government did not object to this finding. (R. 41 at 1.) At the change of plea hearing on April 28, 2014, the Court asked Wilson a series of questions about her mental and physical health. (R. 86 at 4:13-8:9.) At this hearing the Court cited to the competency evaluation in finding Wilson competent and her lawyer, Gerardo Gutierrez, stated that he believed Wilson was capable of entering into the plea agreement. (*Id.* at 9:15-17, 12:24-13:13.) Wilson stated that she had gone over some of the evidence with Gutierrez and had some questions. (*Id.* at 8:19-11:3, 15:8-9) The Court accordingly adjourned to allow Gutierrez time to review the evidence with Wilson. (*Id.* at 15:10-16:15.) The parties returned on June 18, 2014, and again the Court questioned Wilson regarding her competency and understanding of the proceedings. (R. 88 at 3:16-12:25, 21:15-25, 22:1-11.) Wilson pled "no contest" to both counts. (R. 64.) On September 22, 2014, the Court sentenced Wilson to thirty-six months imprisonment on each count to run concurrently. (R. 72.)

Wilson appealed the sentence on September 24, 2014. (R. 74.) The Court granted Gutierrez's motion to withdraw and dismissed the appeal. *United States v. Wilson*, 607 F. App'x 574 (7th Cir. 2015). Wilson subsequently filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Dkt. No. 1.)

## DISCUSSION

Wilson asserts Gutierrez's representation of her violated her Sixth Amendment right to effective assistance of counsel because he "filed to file" her psychological evaluations and failed to provide her with the discovery that she requested. Ineffective assistance of counsel claims can be brought for the first time on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a

collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015). A defendant's Sixth Amendment right to effective assistance of counsel is violated when she satisfies two prongs: first, "the defendant must show that counsel's performance was deficient" in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and second, "the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant is prejudiced when counsel's errors "were so serious as to deprive the defendant a fair trial, a trial whose results are reliable." *Id.* The two-prong *Strickland* test also applies to pleas of *nolo contendere*. *See Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013).

For the performance prong of the *Strickland* standard, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The defendant must also "establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; [the court] then determine[s] whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (citing *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2008)). The Court must eliminate the effects of hindsight and evaluate performance based on the attorney's perspective at the time. *See Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong of *Strickland* the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694. For defendants who have pled guilty or no contest, the second prong of *Strickland* requires there was a reasonable probability that the result of proceeding would have been different. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) ("[i]n the context of pleas a defendant must how that the outcome of the plea process would have been different with competent advice."); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) ("To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Warren*, 712 F.3d at 1101 (to satisfy the prejudice prong of *Strickland*, a defendant who has pled no contest must show there was a reasonable probability that but for counsel's errors, the defendant would have gone to trial).

### A. Failure to File Psychological Evaluations

Wilson first contends in two sentences that her attorney was ineffective for failing to file her psychological evaluations. In order to satisfy the first prong of *Strickland*, counsel's conduct must have fallen outside the wide range of professional assistance. *Strickland*, 466 U.S. at 689. Wilson contends that Gutierrez failed to "file" psychological evaluations. In truth, on April 15, 2013, during a status hearing before the Court, defense counsel expressed concerns regarding his client's mental health. (R. 23.) The Court then ordered that an evaluation be conducted and the Government presented the motion for that evaluation two days later. (R. 24, 26.) The order was entered on April 23, 2016 pursuant to 18 U.S.C. § 4241(a) and (b) after more details were arranged regarding the logistics of the transportation of the Defendant. (R. 26.) The evaluation was then delayed due to a lack of medical records being provided by other parties. On May 20, 2013, the Court gave Gutierrez permission for early return of trial subpoenas so that the doctors at Isaac Ray Forensic Group, LLC who would evaluate Wilson could have all the information

4

necessary. (R. 35.) The Court ordered Hartgrove Hospital and St. Bernard Hospital and Health Care Center to turn over Wilson's medical reports as soon as possible on July 30, 2013 in order to facilitate the evaluation. (R. 36.) Finally, the evaluation was conducted and provided to both parties and the Court and, upon the request of defense counsel, the Court ordered the professionals at Isaac Ray to prepare and file it with the Court, Gutierrez, Pretrial Services, and the Government.[2] (R. 28.) The Court, the prosecution and the defense all received copies of the evaluation. The report concluded that Wilson was competent to stand trial. (Dkt. No. 4-A.) The Government filed a position paper wherein they did not object to the Isaac Ray Forensic Group's report finding Wilson competent and stated that the Government had received a copy of the report. (R. 41.) During status hearings on November 18 and 25, 2013 the Court stated that it had received the report from Isaac Ray and had reviewed it.[3] *Id.*

At the first plea colloquy the Court questioned Wilson to establish her competency and acknowledged the record that the report found her competent. (R. 86 at 9:15-17, 12:24-13:13.) At the second plea colloquy the Court again questioned Wilson to establish her competency and extensively went through her medical history. (R. 88 at 3:16-12:25.) The Court referenced the report's conclusion that Wilson was competent to stand trial and aid in her defense, and both the Government and Gutierrez confirmed that Wilson was competent to enter the *nolo contendere* plea. (*Id.* at 5:3-5, 13:14-22.) Furthermore, the Court attests to having received and reviewed the report, and notes that the failure to file it on the docket was nothing more than a clerical oversight. In sum, the record is full of references to the evaluation, its results, and the fact that it was submitted to the Court, and devoid of any support for Wilson's contention that the Court did not receive the evaluation. Accordingly, Wilson does not satisfy the performance prong of

---

[2] The report was submitted to the Court but not filed on the docket due to a clerical error. The Court now directs the clerk to file the report on the docket under seal. The Court's courtroom deputy will provide the report to be filed.
5

*Strickland* because there is no evidence that Gutierrez's performance was deficient by failing to file the psychological report; in fact, the record supports the conclusion that the doctor who performed the evaluation provided it to the Court per the Court's order. Wilson fails to establish either prong of the Strickland analysis because all parties received, reviewed, and utilized the report and therefore her counsel was not deficient in his performance; and no prejudice resulted because all parties used the report.

At the November 25, 2013 status hearing Gutierrez asked the Court to allow a forensic expert in the field of pharmacology to evaluate Wilson in order to allow him to object to the competency finding. (R. 43, 44.) Gutierrez stated that a report from this expert would be helpful in determining Wilson's competency given the quantity, nature, and combination of medications Wilson had been taking on a daily basis. After reviewing the forensic expert's report, Gutierrez told the Court at a status hearing on April 3, 2014 that he was not going to submit it to the Court. (R. 55.) To the extent that Wilson claims that Gutierrez's failure to provide the Court the pharmacological report constituted ineffective assistance of counsel, nothing in the record suggests that the report was beneficial to petitioner and that his decision to not present this report to the Court was anything other than a strategic decision after reviewing it. In order to prevail, Wilson would need to assert that but-for Gutierrez's allegedly deficient conduct, there is a reasonable probability that Wilson would have insisted on going to trial. *See Warren*, 712 F.3d at 1101 (citing *Hill*, 474 U.S. at 59). Wilson merely points out that the second evaluation was not submitted to the Court without explaining the contents of the evaluation, how its submission to the Court would have changed her decision to plead *nolo contendere*, or any hint of how this decision prejudiced her. *See id.* Contrary to Wilson's allegation of ineffective assistance of counsel, the record reflects Gutierrez's diligence in representing Wilson: he clearly reviewed the

6

first report, considered whether it reflected his impression of Wilson, identified another expert who could speak to Wilson's mental condition, asked the Court for leave to obtain the pharmacological report from that expert, analyzed that report, and decided that filing it with the Court would not aid in Wilson's defense. Therefore, to the extent that Wilson refers to this second expert evaluation in arguing that Gutierrez's representation violated her Sixth Amendment rights, there is no evidence in the record to show deficiency or prejudice. *See United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

### B. Failure to Provide Defendant Discovery

Second, Wilson asserts that Gutierrez's representation violated her Sixth Amendment rights because he failed to provide Wilson discovery that she had requested. The Government responds that this claim similarly fails because Gutierrez showed Wilson the requisite evidence. At the first plea colloquy on April 28, 2014, Wilson stated, "[w]ell he went over the evidence on some of the stuff. I got it in here. And I told him that I didn't understand some of the evidence that was there." (R. 86 at 10:24-11:1). The Court told Wilson: "you have already pointed out that you are challenging whether or not you are a person pictured within a photograph of one of the bank robberies . . . so it's - - it doesn't sound like we're where we need to be this morning." (*Id.* at 14:4-7) The Court then asked Gutierrez if he had gone through both robberies with Wilson, to which he responded that he had. (*Id.* at 15:8-9.) In order to ensure that Wilson had sufficient time to review the evidence with Gutierrez—including the photographs that Wilson took issue with—and felt well enough to change her plea considering that Wilson reported having low blood sugar at the first change of plea hearing, the Court took a recess and continued the plea colloquy on June 18, 2014, thereby giving Wilson and her attorney several weeks to review the materials. (R. 18.) At the second hearing the Government walked Wilson through

7

the facts they would establish for each count and Wilson pled "no contest" to each count. (R. 88 at 25:5; 26:21.) The Court also stated, "Mr. Gutierrez, you have been working with [Wilson] for the last few months I know." (*Id.* at 13:15-16.) In short, the record reflects that Gutierrez provided Wilson with the discovery and explained it to her, and is devoid of any evidence that Wilson was deprived of the opportunity to review it with him. Nor does Wilson's one sentence argument include any support for the proposition that Gutierrez did not go over the discovery with her. There is no evidence to support that Gutierrez failed to keep her "informed of important developments in the course of the prosecution" such that his performance was deficient. *Strickland*, 466 U.S. at 688; *see also Warren*, 712 F.3d at 1101; ; *see, e.g., Hinton v. United States*, No. 15 C 0752, 2015 WL 1943261 at *3 (N.D. Ill April 29, 2015) (recognizing that a defendant does not have a constitutional right to discovery materials). Instead, the record reflects the Court taking significant steps to ensure that she had the time to review such evidence with her attorney. Once again, there is no evidence to support either deficient performance or prejudice. Finally, the Court notes that the sentence imposed by the Court after hearing defense counsel's sentencing arguments was significantly lower than the advisory guideline range showing that no prentice resulted from counsel's performance, but rather, a benefit.

## CONCLUSION

For the reasons stated above, the Court denies Wilson's motion to vacate, set aside, or correct his sentence or conviction under 28 U.S.C. § 2255. (Dkt. No. 1.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 8/11/2016

8